**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTATE OF JANE ROE DM 101,<br><br>  Plaintiff,<br><br> v.<br><br>DOE 1; et al.,<br><br>  Defendants. | Case No.: 24-cv-2344-DMS-JLB<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint. (Defendants' Motion ("Defs.' Mot."), ECF No. 27). Plaintiff filed an Opposition, (Plaintiff's Opposition ("Opp'n"), ECF No. 29), and Defendants filed a Reply, (Defendants' Reply ("Reply"), ECF No. 30). For the following reasons, the Court **DENIES** Defendants' Motion.

## I. BACKGROUND

On August 26, 2024, Plaintiff Estate of Jane Roe DM 101 filed this action in San Diego County Superior Court ("Superior Court"). (Plaintiff's Complaint ("Compl."), ECF No. 1). Plaintiff alleges that over a period of nine years, between 1961 and 1970, Jane Roe experienced sexual, physical, and psychological abuse from religious authorities affiliated with Defendants Does 1–3. (*Id.* at 3). Plaintiff's Complaint asserts five survival causes

of action: (1) negligence; (2) negligent supervision of a minor; (3) sexual abuse of a minor; (4) negligent hiring, supervision, and retention of an unfit employee; and (5) negligent failure to warn, train, or educate. (*Id.* at 17–24); (*see* ECF No. 25) (dismissing sixth cause of action for breach of mandatory duty to report suspected child abuse).

On December 16, 2024, Defendant Doe 1 removed this case pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446. (ECF No. 1); (ECF No. 12). At issue now is Defendants' Motion to Dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) or Federal Rule of Civil Procedure 12(b)(1). (*See generally* Defs.' Mot.).

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted". Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged their claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.* at 570.

In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light

most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

### B. California Code of Civil Procedure § 340.1[1]

A claim under California Civil Procedure Code § 340.1 requires "plaintiff[s] 40 years of age or older at the time the action is filed [to] file certificates of merit as specified in subdivision (g)." Cal. Civ. Proc. Code § 340.1(f). Under this subdivision,

> Certificates of merit shall be executed by the attorney for the plaintiff and by a licensed mental health practitioner selected by the plaintiff declaring, respectively, as follows, setting forth the facts which support the declaration:
>
> . . .
>
> (2) That the mental health practitioner consulted is licensed to practice and practices in this state and is not a party to the action, that the practitioner is not treating and has not treated the plaintiff, and that the practitioner has interviewed the plaintiff and is knowledgeable of the relevant facts and issues involved in the particular action, and has concluded, on the basis of the practitioner's knowledge of the facts and issues, that in the practitioner's professional opinion there is a reasonable basis to believe that the plaintiff had been subject to childhood sexual abuse.

Cal. Civ. Proc. Code § 340.1(g)(2).

"[A] defendant shall not be served, and the duty to serve a defendant with process does not attach, until the court has reviewed the certificates of merit . . . and has found, *in camera*, based solely on those certificates of merit, that there is reasonable and meritorious

---

[1] The Court takes judicial notice of and refers to an older version of § 340.1 because Jane Roe's alleged abuse occurred before January 1, 2024. *See* Cal. Civ. Proc. Code § 340.1(p) (effective January 1, 2024) ("This section applies to any claim in which the childhood sexual assault occurred on and after January 1, 2024. Notwithstanding any other law, a claim for damages based on conduct described in paragraphs (1) through (3), inclusive, of subdivision (a), in which the childhood sexual assault occurred on or before December 31, 2023 may only be commenced pursuant to the applicable statute of limitations set forth in existing law as it read on December 31, 2023.").

cause for the filing of the action against that defendant." Cal. Civ. Proc. Code § 340.1(i) (emphasis added). "At that time, the duty to serve that defendant with process shall attach." *Id.* The failure to comply with these requirements is grounds for a demurrer or a motion to strike. Cal. Civ. Proc. Code § 340.1(k). "Beyond a court's *in camera* review prior to ordering service, verification of a plaintiff's compliance with the certificate of merit requirements occurs only '[u]pon the favorable conclusion of the litigation with respect to any defendant for whom a certificate of merit was filed or for whom a certificate of merit should have been filed pursuant to this section[.]'". *Roe JB 65 v. Church of Jesus Christ of Latter-Day Saints*, 2025 WL 776634, at *3 (S.D. Cal. Mar. 11, 2025) (quoting Cal. Civ. Proc. Code § 340.1(p)).

### III. DISCUSSION

Defendants move to dismiss this action based on the suspicion that Jane Roe's certificate of merit fails to meet the requirements of the California Civil Procedure Code. (Defs.' Mot. 9–10). Defendants have not seen the certificate of merit. (*Id.* at 13). Nonetheless, they request that this Court conduct an *in camera* review of the certificate of merit and dismiss the case if it is deficient. (*Id.* at 15–20). They also allege that the case should be dismissed because the certificate was untimely corrected. (*Id.* at 22). Plaintiff contends that the certificate of merit's substance may not be challenged at the motion to dismiss stage and that, in any event, the certificate complies with all statutory requirements. (Opp'n 3–10).

**A. *In Camera* Review**

Defendants argue that the California-licensed mental health practitioner acted outside the scope of her licensure because she allegedly interviewed Jane Roe via Zoom while Jane Roe resided in her home state of Nevada. (Defs.' Mot. 18–19) ("The CA Practitioner here therefore acted outside the scope of her license. Any interview was therefore illegal and cannot form the basis for a valid certificate of merit."). "Defendants' [M]otion rests on the assertion that a defendant may request that the Court review the substance of a certificate of merit *in camera* to decide a motion to dismiss after *in camera*

review has been conducted and service permitted." *Roe JB 65*, 2025 WL 776634, at *4. The district court in *Roe JB 65* rejected that invitation, finding that because "a court of competent jurisdiction has already determined the certificates of merit warranted this action proceeding," there is "no reason . . . to review the certificates at this time." *Id.* at *5. So too here. On December 5, 2024, a California Superior Court Judge found Jane Roe's certificate of merit sufficient for the case to proceed. (*See* ECF Nos. 1-22, 1-24) (granting Plaintiff leave to serve Defendants).

Defendants question this ruling because "Plaintiff's counsel stated it was her standard practice for the [California-licensed practitioner] to interview plaintiffs via Zoom." (Defs.' Mot. 9). However, "[e]ven if the California-licensed mental health practitioner conducted a Zoom interview of Plaintiff while Plaintiff was physically present in Nevada, that does not render the mental health practitioner 'unlicensed'". *Roe v. Doe 1*, 2025 WL 824049, at *2 (C.D. Cal. Feb. 13, 2025). There is no caselaw indicating that the nature and location of the interview affect a certificate's validity. *Id.* ("Whether the mental health practitioner's interview of Plaintiff occurred via Zoom . . . does not impact the Court's conclusion that there is a reasonable and meritorious cause for the filing of the action against Doe 1, Doe 2, and Doe 3."); *Roe JB 65*, 2025 WL 776634, at *5 ("Published case law addressing this issue pertain solely to circumstances where the plaintiff failed to comply with the procedural requirement of filing the certificates rather than substantive issues of the certificates' sufficiency.") (collecting cases). Without more, Defendants lack a reasonable basis to challenge the Superior Court's order. Accordingly, the Court **DECLINES** to conduct an *in camera* review and **DENIES** Defendants' Motion to Dismiss Plaintiff's claims due to the substance of Jane Roe's certificate of merit.[2]

---

[2] In coming to this conclusion, the Court has not considered Plaintiff's paraphrasing of the certificate of merit. (Reply 10–11) (submitting evidentiary objections to paraphrasing on grounds that it is hearsay and violates best evidence rule). The Court also did not examine certificates of merit from other cases. (Defs.' Mot. 20–21). Therefore, Defendants' request to judicially notice those documents is **DENIED** as moot.

**B. Timeliness**

Apart from the substance of Jane Roe's certificate of merit, Defendants dispute the timing in which it was corrected with the Superior Court. (Defs.' Mot. 22). Under California Civil Procedure Code § 340.1, a certificate of merit "shall be filed within 60 days after filing the complaint." Cal. Civ. Proc. Code § 340.1(g)(3). Plaintiff lodged Jane Roe's certificate of merit on August 26, 2024, the same day the Complaint was filed. (ECF Nos. 1-4, 1-8); (Defs.' Mot. 22). On November 21, 2024, the Superior Court found the certificate of merit insufficient and allowed Plaintiff to file a corrected certificate to update a party name. (ECF No. 1-18); (Defs.' Mot. 22). Plaintiff did so on November 26, 2024. (ECF No. 1-19); (Defs.' Mot. 22).

Defendants argue that corrections to a certificate of merit must be done within the 60-day deadline articulated by California Civil Procedure Code § 340.1(g)(3). (*Id.*). The Court rejects this argument. First, the text of the provision refers only to the filing of the certificate. *See* Cal. Civ. Proc. Code § 340.1(g)(3). It makes no reference to corrections or amendments of an already-filed certificate. *See id.* Second, Defendants cite no authority to support their argument. The cases on which Defendants rely involve plaintiffs who failed to lodge certificates *at all* within 60 days of filing the complaint. *See, e.g.*, *Mistriel v. Cnty. of Kern*, 2012 WL 2089804, at *3 (E.D. Cal. June 8, 2012) ("The original complaint was filed on December 24, 2003. Plaintiff filed the certificates on July 27, 2005, nearly two years after the original complaint. Therefore, Plaintiff's certificates are time-barred[.]"); *Von Bradley v. Dep't of Child. & Fam. Servs.*, 2018 WL 7291450, at *9 (C.D. Cal. Dec. 12, 2018), *report and recommendation adopted sub nom. Van Bradley v. Dep't of Child. & Fam. Servs.*, 2019 WL 587282 (C.D. Cal. Feb. 13, 2019) ("There is no dispute, however, that Plaintiff did not file the certificates of merit . . . with the complaint or within 60 days after the complaint[.]"); *Jackson v. Doe*, 192 Cal.App.4th 742, 754 (2011) ("[P]laintiff did not file the certificates of merit . . . either before the statute of limitations expired or within 60 days of filing the complaint."). Plaintiff, by contrast, filed Jane Roe's certificate on the same day as the Complaint. (*See* ECF Nos. 1-4, 1-8). Third, the Superior

Court allowed Plaintiff to correct the certificate. (ECF Nos. 1-18, 1-22, 1-24). The Court sees no legitimate reason to disrupt this determination. Therefore, the Court **DENIES** Defendants' Motion to Dismiss on the grounds that the certificate of merit was untimely.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**

Dated:  April 22, 2025

_____
Hon. Dana M. Sabraw
United States District Judge